## NIPPON DRY GOODS CO. ET AL. v. UNITED STATES

**No. 5264.**—Invoices dated Yokohama, Japan, July 29, 1937, etc.
Certified July 30, 1937, etc.
Entered at San Francisco, Calif., August 13, 1937, etc.
Entry No. 1939, etc.

(Decided May 16, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* and *Frank L. Lawrence* of counsel) for the plaintiffs.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard H. Welsh* and *Daniel I. Auster*, special attorneys), for the defendant.

WALKER, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

Subject to approval of the court, it is stipulated, in addition to the evidence already taken herein:

(1) That the merchandise involved herein is in all material respects such as or similar to the rayon goods which were the subject of decision in US *v*. Nippon Dry Goods Co., RD 5006, affirming RD 4704; that the issue herein and conditions

as to market value are the same as the issue and conditions as to market value in the cited case, and that the record in said case is hereby incorporated herein.

(2) That the appraised values of said merchandise, less any additions made by the importers by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases, represent the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that there were no higher foreign values at the time of exportation thereof.

(3) That these appeals are abandoned as to all other merchandise, and that these cases are submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that for the rayon articles involved such values are the appraised values, less any additions made by the importers by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.